**INTERMATIC INCORPORATED,**
**Plaintiff–Cross Appellant,**

v.

**The LAMSON & SESSIONS CO.,**
**Defendant–Appellant.**

Intermatic Incorporated,
Plaintiff–Appellant,

v.

Lamson & Sessions Co., Defendant–
Appellee.

Nos. 00–1101, 00–1116, 01–1028.

United States Court of Appeals,
Federal Circuit.

DECIDED: Jan. 21, 2003.

Before NEWMAN, LOURIE, and
RADER, Circuit Judges.

### ORDER

The mandates issued on February 13, 2002, are recalled and the appeals are reinstated, following remand from the Supreme Court of the United States. *See Intermatic Inc. v. Lamson & Sessions Co.,* —— U.S. ——, 123 S.Ct. 549, 154 L.Ed.2d 423 (2002). The Court remanded the case "for further consideration in light of *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.,* 535 U.S. 722, 122 S.Ct. 1831, 152 L.Ed.2d 944 (2002)." *Id.*

In *Festo,* the Court set forth guidelines and a new presumption for determining when a claim amendment may preclude a patentee from asserting infringement under the doctrine of equivalents:

A patentee's decision to narrow his claims through amendment may be presumed to be a general disclaimer of the territory between the original claim and the amended claim. There are some cases, however, where the amendment cannot reasonably be viewed as surrendering a particular equivalent. The equivalent may have been unforeseeable at the time of the application; the rationale underlying the amendment may bear no more than a tangential relation to the equivalent in question; or there may be some other reason suggesting that the patentee could not reasonably be expected to have described the insubstantial substitute in question. In those cases the patentee can overcome the presumption that prosecution history estoppel bars a finding of equivalence.... The patentee must show that at the time of the amendment one skilled in the art could not reasonably be expected to have drafted a claim that would have literally encompassed the alleged equivalent.

*Festo,* 122 S.Ct. at 1842 (citations omitted).

We must now consider what further action to take in this case. To help us in that determination, we order the parties to submit briefs on the following issue:

How the Supreme Court's criteria relate to the facts of this case, in particular, whether Intermatic can rebut the presumption that its amendment adding the phrase "within the aperture" to the claims at issue surrendered the equivalent now asserted.

The case will be decided on the basis of the briefs and motions already filed and the additional briefs addressing the questions set forth above. Such additional briefs shall be filed in accordance with Fed. Cir. R. 31 simultaneously by the parties 30 days from the date of this Order, and shall not exceed 5000 words in length.