**INTERMATIC INCORPORATED, Plaintiff–Cross Appellant,**

v.

**THE LAMSON & SESSIONS CO., Defendant–Appellant.**

**Intermatic Incorporated, Plaintiff–Appellant,**

v.

**Lamson & Sessions Co., Defendant–Appellee.**

**Nos. 00–1101, 00–1116, 01–1028.**

United States Court of Appeals, Federal Circuit.

March 17, 2003.

Before NEWMAN, LOURIE, and RADER, Circuit Judges.

*ORDER*

The Supreme Court of the United States has remanded these consolidated cases to this court for further consideration in light of its decision in *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.,* 535 U.S. 722, 122 S.Ct. 1831, 152 L.Ed.2d 944 (2002) ("*Festo II*"), which vacated this court's earlier decision in *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.,* 234 F.3d 558, 56 USPQ2d 1865 (2000) (en banc) ("*Festo I*"). *See Intermatic Inc. v. Lamson & Sessions Co.,* — U.S. —, 123 S.Ct. 549, 154 L.Ed.2d 423 (2002). We then recalled the mandate issued by this court following our December 17, 2001 decision, reported as *Intermatic Inc. v. Lamson & Sessions Co.,* 273 F.3d 1355, 61 USPQ2d 1075 (Fed.Cir.2001) ("*Intermatic III*"), and ordered briefing on the application of *Festo II* to the prosecution history estoppel issues presented by these cases. *See Intermatic Inc. v. Lamson & Sessions Co.,* 55 Fed.Appx. 544 (Fed.Cir.2003) (order).

In the first action in the district court (*Intermatic I*), the jury awarded the patentee Intermatic damages for infringement under the doctrine of equivalents by Lamson's "ribbed" product, and the court denied Lamson's post-trial motion for

judgment as a matter of law seeking to overturn the jury's verdict on the grounds that Intermatic's evidence of equivalence was insufficient and that prosecution history estoppel precluded Intermatic's equivalence claim. We reversed the infringement verdict, invoking the rule of our intervening *Festo I* decision that any narrowing amendment completely bars the patentee from asserting infringement under the doctrine of equivalents as to the narrowed claim limitation, without reaching any of Lamson's other arguments advanced on appeal as to why Intermatic's equivalence claim should not stand. *Intermatic III*, 273 F.3d at 1366, 61 USPQ2d at 1083.

In the second action in the district court (*Intermatic II*), the court granted summary judgment that Lamson's "ribless" product does not infringe Intermatic's patent either literally or under the doctrine of equivalents. The basis for the court's decision on the equivalence issue was that the prosecution history estopped Intermatic from asserting equivalence. We affirmed, again relying on the complete bar of *Festo I*, without reaching any of Lamson's other arguments advanced on appeal as to why Intermatic's equivalence assertion must fail. *Id.* at 1368, 273 F.3d 1355, 61 USPQ2d at 1084.

Because *Festo II* has established a new framework for analyzing prosecution history estoppel different from that employed by both the district court and this court in our earlier opinion, and because the district court has not evaluated Lamson's other arguments advanced on appeal as to why Intermatic cannot avail itself of the doctrine of equivalents, we hereby (1) vacate our earlier *Intermatic III* decision; (2) vacate the district court's decisions (*Intermatic I* and *Intermatic II*); and (3) remand for further proceedings in the district court, which, *inter alia*, should apply the Supreme Court's *Festo II* criteria on the questions of prosecution history estoppel, if appropriate.